UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JOMO WILLIAMS,                                  :        **REPORT AND**
                                                         **RECOMMENDATION**
                        Petitioner,             :        **TO THE HONORABLE**
                                                         **WILLIAM H. PAULEY, III**

          -against-                             :

                                                         07 Civ. 5496 (WHP)(FM)
COMMISSIONERS NYSDOC, et al.,                   :        07 Civ. 5514 (WHP)(FM)

                        Respondent.             :

--------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

              Pro se petitioner Jomo Williams ("Williams") has filed two habeas petitions

challenging separate convictions in Westchester County for which he presently is serving

an aggregate indeterminate sentence of five and one-half to eleven years.  Interspersed

among the habeas claims in his prolix papers are various civil rights claims against the

Commissioner of the New York State Department of Correctional Services and the

Superintendent of Upstate Correctional Facility ("Upstate") (together, the "Defendants").

Williams alleges that, since he began to serve his sentences, prison officials have abused

and tortured him, through such actions as depriving him of food and medical care,

assaulting him, and obstructing his ongoing litigation efforts.  The Defendants have

moved to dismiss these civil rights claims under Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim.  For the reasons set forth below, to the extent Williams'

pleadings attempt to state a claim under 42 U.S.C. § 1983, both of the cases should be

dismissed.  This disposition will leave pending before the Court all of the claims that Williams asserts in support of his habeas petitions.

I.      Background

        A.      Amended Petitions

                Following an earlier dismissal, Williams filed two amended habeas petitions on September 18, 2008.  (See Docket No. 7 (both cases)).  In the papers attached to these petitions, Williams alleges numerous civil rights abuses relating to his imprisonment.  The supporting papers accompanying the petitions are identical, although they vary slightly in the order in which they are annexed.  For the sake of clarity, I have taken the liberty of numbering the pages attached to both petitions.  Additionally, whenever I cite to "Pet. Attach. _," I am referring to the 153 pages of papers attached to the petition filed under Docket No. 07 Civ. 5514.

                In his petitions, Williams alleges that prison officials have "abused" and "tortured" him.  (Pet. Attach. 7, 76, 90-91, 111).  More specifically, he alleges that prison staff have poisoned his food and "chemically assaulted" him (id. at 7, 12, 15, 87); interfered with his Ramadan celebrations (id. at 87); and denied him access to copiers, legal books, and paper and obstructed his mail, thereby interfering with his ongoing litigation (id. at 7, 88, 90-91, 116, 131).  Additionally, Williams complains that he has spent the vast majority of his imprisonment in solitary confinement without just cause.  (Id. at 7, 90).

Williams also alleges that he received inadequate medical care at Upstate. (Id. at 94, 97-98, 100).  His allegations in that regard focus on a skin condition, lack of HIV and other blood tests, lack of access to outside doctors, an upper respiratory condition, and the denial of needed eyeglasses.  (Id.).

Williams alleges that prison staff also have engaged in a concerted effort to "sever" his ties to his family.  The actions that they allegedly have taken include blocking his access to the telephone and mail, denying his family bus tickets to visit him, and denying his requests for temporary release and parole.  (Id. at 87, 90-91).

Williams also gives a detailed summary of "staff involvement" in a "prison hit" that allegedly occurred at Upstate in 2008.  (Id. at 12, 15).

Finally, Williams alleges that the actions taken against him have been in retaliation for his legal and political activities, and were further motivated by greed, discrimination, slander, libel, misnomers, mischaracterizations, stereotyping, ignorance, malice, and "defective thoughts."  (Id. at 7, 12, 15, 76, 88, 90-91, 111-12).

B.    Telephone Conference

Because it was unclear why Williams had filed two petitions, in December 2008 I ordered the Office of the Westchester County District Attorney ("County") to arrange a telephone conference with Williams and a representative of the Office of the Attorney General of the State of New York ("State") to ascertain why Williams had filed

two separate petitions and whether he also intended to allege civil rights violations.  (See No. 07 Civ. 5514, Docket No. 11).

That conference eventually was held on March 17, 2009.  During the conference, Williams explained that his petitions addressed two separate convictions arising out of separate actual or attempted burglaries and that he also intended to raise civil rights claims concerning his imprisonment.[1]  (Id. at 4, 15).  The State and County asked that Williams be required to separate his Section 1983 and habeas claims into two separate pleadings, but I denied that request based upon the Second Circuit's decision in Thompson v. Choinski, 525 F.3d 205, 210 (2d Cir. 2008), which permits a hybrid habeas/Section 1983 pleading.  (Id. at 18).   Instead, I directed the State and County to respond separately to Williams' pleadings by June 19, 2009.  (See No. 07 Civ. 5514, Docket No. 16) (Order dated Mar. 19, 2009).  That deadline subsequently was extended to July 15, 2009.  (Id., Docket No. 22).

C.    Motion to Dismiss and Opposition Papers

On June 30, 2009, the Defendants moved to dismiss Williams' civil rights claims against them pursuant to Rule 12(b)(6).  (See No. 07 Civ. 5496, Docket No. 20).

---

[1]    Williams also complained during the conference that he was having difficulty contacting outside counsel and that his legal mail, including his mail to the Court, was being stolen.  (Id. at 21-22).  However, the mail addressed to the Court that he believed was diverted in fact had been received.  (Id. at 22-23).  Out of an excess of caution, I directed the State to investigate and report to the Court about Williams' mail and telephone privileges.  (Id. at 24, 32).  The State subsequently indicated that since December 2008, Williams has been entitled to "full telephone, mail, visiting, recreational, and commissary privileges."  (See Letter to the Court from Ass't Attn'y Gen. Lisa Fleischmann, dated Mar. 18, 2009).

Thereafter, on July 15, 2009, the Court received a large submission, dated July 12, 2009, from Williams.  (See id., Docket No. 25).  Included among these papers was a six-page "Affirm. in Support of Reply to Mot. to Dismiss § 1983," which appears to be Williams' opposition papers.  Thus, I will refer to this six-page document as the "Williams' Opp'n." The State asked that all of Williams' opposition papers be struck, and that its motion to dismiss be deemed fully briefed, because Williams never served the entire stack of papers on it.  (See Letter to the Court from Ass't Dist. Attn'y Neil Shevlin, dated Sept. 23, 2009). It appears undisputed, however, that Williams served the State with the six-page Williams' Opp'n.

II.    Discussion

    A.    Standard of Review

        Under Rule 12(b)(6), a court may dismiss a complaint if it fails to state a claim upon which relief can be granted.  In deciding a motion under Rule 12(b)(6), the Court must accept as true all factual allegations made in the complaint and draw all reasonable inferences in favor of the plaintiff.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996).  The first of these precepts, however, is inapplicable to legal conclusions couched as factual allegations, which the Court is "not bound to accept as true."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007).  As the Supreme Court has explained, the ultimate issue to be decided under the Rule is whether the plaintiff's claims are "plausible."  Id. at 556.

In making these determinations when a party is proceeding pro se, the Court is obligated to "read his supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest."  Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Moreover, when the plaintiff is a pro se litigant, the Court may rely on his opposition papers as well as his complaint in assessing the legal sufficiency of his claims.  See Crum v. Dodrill, 562 F. Supp. 2d 366, 374 n.13 (N.D.N.Y. 2008) (citing Gadson v. Goord, No. 96 Civ. 7544 (SS), 1997 WL 714878, at *1, n.2 (S.D.N.Y. Nov. 17, 1997)).

B.    Parties' Arguments

The State contends that Williams' civil rights claims must be dismissed because:  (1) his allegations are no more than "naked assertions" and his petition does not seek any non-habeas relief; and (2) the named defendants were not personally involved in the alleged constitutional violations.  (State's Mem. at 8, 10).

In response, Williams maintains that his allegations are not conclusory:

> I gave much descriptive details of dates, times, names, locations, motives, evidence and cognizable § 1983 . . . claims.  I had also many times . . . incorporated [and] subsumed all my facts, claims, soughted [sic] reliefs, etc; that I had made [and] presented in all my litigations (admin.; and state & fed. judicial (et al.)) that were obstructed (justice) from 2003(yr) to present, due to the unlawful in/acts by the respondents.

6

(Williams' Opp'n at 4).  Williams also argues that he, in fact, seeks cognizable relief, including "medical, dental; protection orders; money damages; release; transfers; voting rights; attorney access; court access; mail access; evidence access; [and] transcript access."  (Id.).  Finally, he alleges that the Commissioner and Superintendent were both personally involved "by giv[ing] specific orders; misprisons[2] [and] coverups of complaints I made to them . . . ."  (Id. at 5).

     C.    Adequacy of Williams' Allegations

     Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, in order to withstand a motion to dismiss under Rule 12(b)(6), such a statement must contain detail sufficient to show that, if true, the pleader is entitled to relief.  Twombly, 550 U.S. at 555.  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

     With a few exceptions, Williams' allegations are entirely conclusory in nature.  For example, he alleges that prison officials tortured and abused him due to his race and as retaliation for filing complaints.  Allegations such as these do not contain factual information that is sufficiently detailed to state a claim.  See Twombly, 550 U.S. at 555.  Moreover, even where Williams does provide additional details of particular

---

[2]     I assume Williams is referring to "misprision of felony," the crime of concealing the commission of a felony.  See 18 U.S.C. § 4.

incidents, he has failed to explain how the two named defendants allegedly were personally involved.  Because Williams has failed to provide anything other than conclusory allegations against the named defendants, his Section 1983 claims against them must be dismissed for failure to state a claim.

        D.    <u>Venue</u>

        In the few instances where Williams does supply more detailed information, such as dates and the names of the individuals involved, the incidents described all took place at Upstate, which is located in Franklin County, not within the Southern District of New York.  (<u>See, e.g.</u>, Pet. Attach. 12, 15, 116, 131).  Indeed, Williams' papers are devoid of any indication that he has even been incarcerated in the Southern District of New York during the applicable limitation period, which is the three-year period proceeding the date on which he gave his petitions to prison officials for mailing.  <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67 (1985) (statute of limitations for § 1983 claims follows state law); <u>Patterson v. County of Oneida, N.Y.</u>, 375 F.3d 206, 225 (2d Cir. 2004) (statute of limitations for claims brought under § 1983 in New York is three years); <u>Houston v. Lack</u>, 487 U.S. 266, 275-76 (1988) (explaining "prison mailbox rule"); <u>Nobel v. Kelly</u>, 246 F.3d 93, 97 (2d Cir. 2001) (same).  Thus, to the extent Williams seeks to bring civil rights, rather than habeas claims, venue clearly does not lie within the Southern District of  New York.

Whether to dismiss or transfer an action in which venue is improper is discretionary.  See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993); Prospect Capital Corp. v. Bender, No. 09 Civ. 826 (HB), 2009 WL 4907121, at *6 (S.D.N.Y. Dec 21, 2009); see also 28 U.S.C. § 1406(a).  Here, the Defendants have not in fact sought a dismissal on venue grounds.  Although the Second Circuit has held that a court should not dismiss an action sua sponte for improper venue absent extraordinary circumstances, it also has held that it may be appropriate to do so when the plaintiff is a vexatious litigant.  Stich v. Rehnquist, 982 F.2d 88, 89 (2d Cir. 1992).  Here, Williams is already the subject of a "three strikes" order under 28 U.S.C. § 1915(g) in this District.[3] See Williams v. United States, No. 09 Civ. 64 (HB), Docket No. 3 (S.D.N.Y. Jan. 7, 2009); see also Williams v. McMahon, No. 08 Civ. 299 (KMW) (S.D.N.Y. filed Jan. 14, 2008); Williams v. Gibson, No. 07 Civ. 9777 (KMW) (S.D.N.Y. Nov. 5, 2007); II J.K.M.W. Committee v. N.Y.S.D.O.C., No. 07 Civ. 9776 (KMW) (S.D.N.Y. filed Nov. 5, 2007).  He consequently would not have been able to file a civil rights case in this District unless he was "under imminent danger of serious physical injury" or paid the filing fee.  28 U.S.C. § 1915(g).  Even if the Court assumes that Williams' decision to include civil rights claims in his habeas petition is the result of an innocent misunderstanding, the

---

[3]      He has also filed actions in both the Western and Northern districts of New York that make similar allegations to those at issue here.  See Williams v. Goord, No. 05 Civ. 247 (FJS)(GJD) (N.D.N.Y. filed Feb. 28, 2005) (transferred from S.D.N.Y.); Williams v. Pataki, No. 06 Civ. 1106 (FJS)(GJD) (N.D.N.Y. filed Sept. 14, 2006); Williams v. Radermacher, No. 09 Civ. 809 (RJA); Williams v. Criminal Justice System, No. 10 mc 11 (RJA) (W.D.N.Y. filed Feb. 2, 2010).

result is that he is using his habeas petition as a way around the "three strikes" rule. This is an additional circumstance warranting dismissal of his Section 1983 claims.

III.    Conclusion

For the foregoing reasons, the Defendants motion to dismiss (No. 07 Civ. 5496, Docket No. 20) should be granted, and Williams' claims under Section 1983 should be dismissed for failure to state a claim and improper venue.

Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable William H. Pauley, III, and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Pauley. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:      New York, New York
            March 2, 2010

                                    FRANK MAAS
                                    United States Magistrate Judge

10

Copies to:

Honorable William H. Pauley, III
United States District Judge

Jomo Williams [by mail]
03-A-6836
Attica Correctional Facility
639 Exchange St., Box 149
Attica, New York 14011

John Sergi, Esq.
Assistant District Attorney
Office of the District Attorney, Westchester County
Fax:  (914) 995-4672

Neil Shevlin, Esq.
Assistant Attorney General
Fax:  (212) 416-8010